IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

MAYRA MACARAIG VIÑAS

Debtor

CASE NO. 08-04888 GAC

CHAPTER 11

## DEBTOR'S DISCLOSURE STATEMENT
### MAY 26TH, 2009

TO THE HONORABLE COURT TO CREDITORS
TO CREDITORS
TO OTHER PARTIES IN INTEREST


The debtor herein, as debtor, through the undersigned attorney, submits its Disclosure Statement as of May 26TH, 009 together with the proposed Plan of Reorganization.

LAW OFFICES OF JUAN A SANTOS BERRIOS PSC
PO BOX 9102
HUMACAO PUERTO RICO 00792-9102
TEL(787)285-1001, FAX (787)285-8358
E-MAIL: jsantosb@prtc.net


JUAN A SANTOS BERRIOS ESQ
USDC-PR #212506

**TABLE OF CONTENTS**

1.    **INTRODUCTION AND BANKRUPTCY PROVISIONS**

    1.1    BANKRUPTCY CODE PROVISIONS FOR POST PETITION DISCLOSURE

    1.2    DISCLAIMER

    1.3    VOTING REQUIREMENTS

2.    **DEBTOR'S HISTORY**

    2.1    DEBTOR'S HISTORY AND EVENTS LEADING TO BANKRUPTCY

    2.2    DATE THE PETITION WAS FILED

    2.3    BANKRUPTCY PROCEEDINGS

3.    **DEBTOR'S FINANCIAL INFORMATION**

    3.1    GENERAL FINANCIAL INFORMATION

    3.2    ASSETS AS OF PETITION DATE

    3.3    LIABILITIES AS OF PETITION DATE

    3.4    PENDING LITIGATION

    3.5    LIQUIDATION ANALYSIS

4.    **SUMMARY OF THE PLAN OF REORGANIZATION**

    4.1    DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

    4.2    TREATMENT FOR CLASSES OF CLAIMS AND INTEREST

    4.3    PAYMENT OF UNSECURED PRIORITY GOVERNMENT CLAIMS UNDER 11 *U.S.C.* §507(a)(8)

    4.4    IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS

    4.5    DISCHARGE OF CLAIMS

    4.6    OBJECTIONS TO CLAIMS

5. **OTHER PROVISIONS**

    5.1   EXECUTORY CONTRACTS

    5.2   MEANS OF EXECUTION OF THE PLAN AND FUTURE MANAGEMENT OF DEBTORS

    5.3   PROVISIONS FOR THE MODIFICATION OF THE PLAN

    5.4   CLOSING OF THE CASE

    5.5   RETENTION OF JURISDICTION

1.    **INTRODUCTION AND BANKRUPTCY PROVISIONS**

1.1    BANKRUPTCY CODE PROVISIONS FOR POST PETITION DISCLOSURE:

Section 1125 of the Bankruptcy Code requires that debtor makes post petition

disclosure in the form of a disclosure statement which provides "adequate information" to

its creditors before debtor or a party acting on its behalf may solicit acceptances of a

Chapter 11 plan of reorganization. Creditors are urged to consult with their own attorneys,

or with each other, and to review all of the pleadings and other documents on file with the

U.S. Bankruptcy Court in order to fully understand the disclosures made herein, regarding

Debtor's proposed Plan of Reorganization (hereafter referred to as the Plan) and any other

pertinent matters in this case. A copy of the Plan is attached to this Disclosure Statement.

1.2    DISCLAIMER:

Creditors are advised that the financial information contained in this Disclosure

Statement has not been the object of an audit and is not certified by independent public

accountants, except where expressly stated otherwise. Debtor does not warrant or

represents that the information contained herein is without inaccuracy notwithstanding the

efforts to disclose all matters with careful attention to accuracy and completeness.

Nothing contained in this Disclosure Statement constitutes an admission of any fact

or liability by any party. The information contained in this Disclosure Statement has been

submitted by Debtor's management.

**No representation concerning these Disclosures or the Plan is authorized by Debtor other than as set forth in this Disclosure Statement. Any representation made by any person to secure your vote other than those contained in this Disclosure Statement should not be relief upon. Any person making representations or inducements concerning acceptance or rejection of the plan should be reported to the Court.**

Debtor believes, but does not warrant, that the contents of this Disclosure Statement are complete and accurate. This Disclosure Statement and its exhibits should be read in its entirety.

1.3    VOTING REQUIREMENTS:

In order for the Plan to be confirmed by the Bankruptcy Court, the Bankruptcy Code requires that the Plan be approved by all classes of creditors and interest holders or that the Court find that the Plan is "fair and equitable" as to any dissenting class. As provided by 11 U.S.C. §1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such a class, if the plan:

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in §365(b )(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

Ordinarily, but not in all circumstances, a plan may not be confirmed unless at least one impaired class, assuming there is at least one impaired class, accepts the plan. A class has accepted the plan if such a plan has been accepted by creditors, other than those under 11 U.S.C. §1126 (e), that hold at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the allowed claims of such class held by creditors, that have accepted or rejected such plan, those actually voting for the Plan. Creditors may vote for the acceptance or rejection of the plan.

Each creditor is urged to consult with its own attorney and obtain advice on the proposals and dispositions of this Disclosure Statement and Plan of Reorganization. The statements contained herein are only a brief summary of the confirmation process and

should not be relied upon in making your determination as to whether to vote in favor of

or against the Plan. Creditors should consult their attorneys before making a determination

to vote for or against the Plan.

Creditors are expressly referred to the debtor's schedules of assets and liabilities

and the statement of financial affairs and all other documents duly filed with the Bankruptcy

Court. This Plan is predicated upon certain assumptions that may not materialize, and you

are urged to give consideration to such assumptions.

No representation concerning Debtor's, or as to the actual or realizable value of its

property is authorized by the debtor other than as set forth in this Disclosure Statement.

Any amendments or clarifications to this Disclosure Statement or the Plan shall be in

writing and filed with the Court.

Each creditor entitled to vote on the Plan may cast a vote by completing the ballot

that will be sent by mail to all creditors entitled to vote once this Disclosure Statement is

approved by the Court. Ballots mailed prior to 7 days before hearing on confirmation of

plan will be tallied. Ballots received after this date, or after date fixed by the Court, will not

be counted.

**All Ballots must be received on or before a date that will be set by the Court.**

**In its defect, only Ballots received seven (7) days prior to the date set for the**

**Confirmation Hearing by the Court will be counted in determining whether the plan should be confirmed. Do not attempt to file your Ballot with the Court, the United States Trustee, or at any other place other than with Law Offices of Juan A. Santos Berríos, P.S.C.**

## 2. DEBTOR'S HISTORY

### 2.1 DEBTOR'S HISTORY and EVENTS LEADING TO BANKRUPTCY:

Mrs. Mayra Macaraig Viñas is a single mother living with her daughter in Miami, Florida. She is a top executive for *Fairmont Turnberry Isle Resort & Club* in Aventura, Florida; a hotel operator corporation. Debtor is the owner of several rental real estate properties located in Puerto Rico, now vacant; she also owns her residence located in Miami, Florida.

The reason that triggered the filing of this bankruptcy petition was the long time vacancies of the rental real estate properties that created a short cash flow problem accumulating arrears in her pre and post-petition mortgage payments. Also the type of mortgage over her residence in Miami, Florida, which is an Adjustable Mortgage Rate loan, created cash flow problems since the mortgage monthly payment increased substantially due an increase in the interest rate.

Debtor is a highly paid executive who seeks to establish a real feasible plan to pay the pre and post petition arrears in her mortgages and other creditors, allowing her to

maintain at least two of the properties she owns; one as rental property and the other as

her principal residence.

## 2.2    DATE THE PETITION WAS FILED

The bankruptcy petition was filed on July 30th, 2008, under the provisions of the

Chapter 11 of the Bankruptcy Code and since that date, debtor remains operating as a

Debtor in Possession.

## 2.3    BANKRUPTCY PROCEEDINGS:

Upon filing of this bankruptcy petition, debtor has taken all possible measures

necessary to reorganize business affairs.   Debtor is in compliance with the U.S. Trustee

Office Operating Guidelines as follows:

1)     Monthly Operating Report have been completed and filed with the Court.

2)     Quarterly fees required by the U.S. Trustee are up to date.

Debtor has now began a process of stabilization.  In that regard, she entered into

a Option Agreement ("*Contrato de Opción de Compra*") on April 20th, 2009 for the sale of

the apartment located at Condominio La Sierra del Sol, Apartment H-113, San Juan,

Puerto Rico. According to the Agreement the closing due date is June 20th, 2009. Debtor

requested this Honorable Court authorization (Docket Entry #102) to sell the above

referred property, that was granted by Order dated April 29th, 2009 (Docket Entry #104).

Also debtor started negotiations with First Frankling Finance Corporation and its servicing

agent Home Loan Servicing, Inc. to modify the mortgage to include the pre and post-

petition arrears and to fix the interest rate on the mortgage over the property located at

Miami, Florida.  As previously mentioned said mortgage contain an adjustable rate rider

increasing the base rate of 6.6250% up to a maximum of 12.6250%.

With the sale of the apartment, the fixing to the adjustable rate and her salary, debtor is hopeful to add sufficient cash to fund the proposed plan.

Debtor has no employees. Since the date of the filing, debtor has concentrated all efforts in identifying and development means to the reorganization Plan to provide for payment of obligations to all creditors.

Debtor has retained the services of a Certified Public Accountant who is assisting in monitoring her business affairs and ascertaining compliance with all tax responsibilities.

## 3. DEBTOR'S FINANCIAL INFORMATION

### 3.1 GENERAL FINANCIAL INFORMATION:

Debtor includes as *Exhibit #1* to the Disclosure Statement copies of her income tax returns for the years 2007 and 2008. For purposes of filing this petition, debtor analyzed and presented the required schedules. The information provided in the schedules filed and the statements of financial affairs show debtor's financial position as of the date of the filing of the petition. Additionally, debtor has filed the Monthly Operating Reports which are available for review in the Bankruptcy Court. A summary of the Monthly Operating Reports filed with the Court is enclosed as *Exhibit #2.*

### 3.2 ASSETS AS OF PETITION DATE:

Debtors' assets composition as listed on the consolidate Schedules A and B, filed on July 30th, 2008 (See Docket #1 ) have remained substantially unchanged.

Real and personal property was scheduled in the amount of $1,130,770.

A detail of all assets is provided in the liquidation analysis section, with updated

values as detailed herein.

3.3.    LIABILITIES AS OF PETITION DATE:

Unsecured and secured priority taxes have been claimed and scheduled in the amount of $13,000.04. The Department of Treasury filed a claim unsecured priority taxes portion in the amount of $2,245.78 (Claim No. 11). The State Insurance Fund filed a claim for unsecured priority taxes portion in the amount of $109.70 (Claim No. 8) for state unemployment taxes.

The CRIM filed a claim secured taxes portion in the amount of $1,723.48 (Claim #7).

At this time, general unsecured creditors have been claimed and scheduled in the amount of $48,224.77. A detail of all pre-petition debts, as classified by debtor is provided in the schedule of Payments Under the Plan of Reorganization enclosed as **Exhibit #3.**

3.4    PENDING LITIGATION:

*Banco Santander de Puerto Rico vs. Mayra Macaraig Viñas* - Civil Case No. KCD 2008-0621 at the Puerto Rico First Instance Court, San Juan Part. This case concerns the Collection of Monies and Execution of Mortgage of the Note Payable over the property located at Condominio La Sierra del Sol, Apartment H-113, Cupey, San Juan, Puerto Rico.

*Corporación Para el Fomento Económico de la Ciudad Capital "COFECC" vs. Mayra Macaraig Viñas h/n/c UPS Store* - Civil Case No. KCD 2006-0586 at the Puerto Rico First Instance Court, San Juan Part. This case concern the Collection of Money and Execution

of Second Mortgage of the Note Payable over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caiminto, Rio Piedras, Puerto Rico. On July 11ᵗʰ, 2007 the creditor obtained a default Judgement.

*Banco Santander Puerto Rico vs. Mayra Macaraig Viñas* - Civil Case No. KCD 2007-1429 at the Puerto Rico First Instance Court, San Juan Part. This case concern the Collection of Money and Execution of Mortgage of the Note Payable over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico.

*Los Arboles de Montehiedra vs. Mayra Macaraig Viñas* - Civil Case No. KCM 2008-2303 at the Puerto Rico First Instance Court, San Juan Part. This case concern the Collection of Money (Rule 60) over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimto, Rio Piedras, Puerto Rico.

*Banco Santander Puerto Rico vs. Mayra Macaraig Viñas* - Motion filed under 11 U.S.C. §362 in the instant case (Docket No. 75). This case concern the default of post-petition arrears over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico. The parties agreed to 30 days to cure post-petition arrears or stay lifted automatically.

*Banco Santander Puerto Rico vs. Mayra Macaraig Viñas* - Motion filed under 11 U.S.C. §362 in the instant case (Docket No. 80). This case concern the default of post-

petition arrears over the property located at at Condominio La Sierra del Sol, Apartment H-113, Cupey, San Juan, Puerto Rico. The parties agreed that the stay remain in effect until June 30th, 2009 pending the sale of the property. After June 30th, 2009 and if the property is not sold, the stay is lifted automatically. Order entered on May 15th, 2009.

*First Franklin Financial Corp vs. Mayra Macaraig Viñas* - Motion filed under 11 U.S.C. §362 in the instant case (Docket No. 83) This case concern the default of post-petition arrears over the property located at 4048 NW 62 LN, Coral Springs, Florida. The parties agreed to 30 days to either cure the post-petition arrears or modify the loan or stay lifted automatically.

Debtor is considering the filing of a Motion to Avoid Lien for the Second Mortgage held by "COFECC" owe the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico.

3.5    LIQUIDATION ANALYSIS:

One requirement for the confirmation of a plan under Chapter 11 of the U.S. Code is that with respect to each impaired class of claims, each claim holder of such class has accepted the plan or will receive or retain under the plan on account of such allowed claim, a value as of the effective date of the plan, that is not less than the amount such claim holders would receive or retain if the debtors were liquidated under Chapter 7 of the Code, on such date. In order to provide the value as of the effective date of the plan under a

Chapter 7 scenario, debtor provides a detailed liquidation analysis.

For the purpose of determining a liquidation value, debtor based on its experience has estimated as realizable in a chapter 7 scenario a 50% of the actual or scheduled value for all other existing personal property. Also debtor estimated a realizable value of 100% of real property, as scheduled. The estimated realizable values have been deducted for purposes of the liquidation analysis using the experience of liquidation of assets under Chapter 7 bankruptcy cases.

For the estimated realizable value, estimated administrative expenses have been reduced to determine the estimated amount for unsecured creditors in a liquidation. A detailed liquidation analysis. with the basis for preparation thereof, is enclosed herein as *Exhibit #3*.

The liquidation analysis prepared for this case shows that, upon realization of estate assets and payment of liens and expenses, unsecured creditors would receive $7,324 dividend under a Chapter 7 proceeding.

Debtor believes that the Plan of Reorganization payments proposed herein will suffice for a confirmable plan and provides all creditors substantially more than they would receive in Chapter 7 liquidation in the first phase.

While it can not be foretold, with absolute certainty that the cash flow projection, which accompanies this Disclosure Statement, will happen as presented, Debtor has no

reason to believe the contrary.

## 4. SUMMARY OF THE PLAN OF REORGANIZATION

### 4.1 DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Plan divides the creditors into THREE (3) classes. The classes of creditors are as follows:

### CLASS I: ADMINISTRATIVE EXPENSES

Shall consist of Allowed Administrative Expense Claims, as provided under Section 503 of the Code. including but not limited to the fees to the United States Trustee quarterly fees, fees and expenses of Debtors' counsel and other professionals as may be allowed by the Bankruptcy Court upon application therefore and after notice and hearing according to the Bankruptcy Code and Rules, any unpaid taxes or fees accrued since petition date and court cost accrued since the petition date.

Debtors estimate the liability in this Class 1 not to be over the amount of $23,031.

### CLASS 2: SECURED CLAIMS

Class 2.1 Banco Santander de Puerto Rico ("BSPR")

BSPR filed a secured proof of claim in the amount of $135,378.74 (Claim No. 5). This amount is in consideration for a mortgage loan secured with the real property located at Condominio La Sierra del Sol, Apartment H-113, Cupey, San Juan, Puerto Rico.

Class 2.2 -Banco Santander de Puerto Rico

BSPR filed a secured proof of claim in the amount of $478,095.59 (Claim No. 10).

This amount is in consideration of a mortgage loan secured with the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico.

Class 2.3 - Corporación Para el Fomento Económico de la Ciudad Capital "COFECC"

COFECC holds a second mortgage in the amount of $159,952.11 over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico. On account of a commercial loan granted to debtor (Claim No. 4).

Class 2.4 - First Franklin Financial Corp ("FFFC")

FFFC filed two proof of claims in the amount of $365,920.74 and $88,780.52 (Claims #13 and 12). This amount are in consideration of a first and second mortgages, respectively secured by debtor residence located at 4048 NW 62 LN, Coral Springs, Florida.

**CLASS 3:    GENERAL UNSECURED CREDITORS**

General unsecured creditors considering those listed by the debtor and those who filed a proof of claim and those secured creditors, who after debtor's efforts have agreed to be considered part of their claim as unsecured, are included in this class. The debt under this class is estimated in no more than $48,224.77.

4.2    TREATMENT FOR CLASSES OF CLAIMS AND INTEREST:

**CLASS 1:    ADMINISTRATIVE EXPENSES**

**Class 1 -    General Administrative Expenses**

Shall consist of Allowed Administrative Expense Claims, as provided under Section 503 of the Code. This class shall be paid in cash and in full as soon as practicable or agreed with the creditor on the later of (a) the Effective Date or (b) the date any such claim becomes an allowed Administrative Claim. The amount in this class is estimated in the total amount of $23,031, representing $5,000 for attorney fees, $2,000 for accounting fees and $975.00 for US Trustee Quarterly Fees, $3,956 for stamps for the apartment H-113, Sierra del Sol sale and $1,850 and $9,250 for notary fees and realtor commission respectfully, on said sale.

Attorney fees are estimated in the amount of $5,000 will be paid only after full payment of any amount due to the United States Trustee. Also, the estimated amount of $15,056 corresponding of selling expenses will be paid upon sale of debtor's residence after notice and approval by the Honorable Court.

This class in not impaired.

## CLASS 2 -  SECURED CLAIMS - SAME TERMS

**Class 2.1** - Banco Santander de Puerto Rico ("BSPR")

This class shall retain unaltered its legal equitable and contractual rights. The real property encumbered by the mortgage loan of BSPR is optioned and the sale is scheduled

for on/or before June 20ᵗʰ, 2009. The proceeds of the sale are going to be used to pay off

BSBR's claim in its entirety and the remaining balance will be used to fund the plan,

specifically to paid post-petition arrears on Montehiedra property.

This class in not impaired

**Class 2.2** - Banco Santander de Puerto Rico

This class shall retain unaltered its legal equitable and contractual rights. Debtor

will pay pre-petition arrears through the plan, also post-petition arrears will be cured as

agreed. Debtor will comply with the original terms with the creditor in the class and will

continue to make regular payments as agreed to. Debtor will continue to pay this creditor

under the terms and conditions of its obligation therewith.

This claim is not impaired.

**Class 2.3** - Corporación Para el Fomento Económico de la Ciudad Capital

"COFECC"

As to the second mortgage held by creditor, debtor seeks to arrange a separate

stipulation with creditor for payment of the principal amount of this commercial loan.

This claim is impaired.

**Class 2.4** - First Franklin Financial Corp ("FFFC")

As to the first mortgage an agreement is in process to modify the loan in order to include pre and post petition arrears together with the principal amount in a new payment plan with a fixed interest rate. As to the second mortgage, the creditor is proposing a new payment plan through an arragement letter.

This class is not impaired.

## CLASS 3: GENERAL UNSECURED CREDITORS

On the consummation date, each Class 3 claimant shall receive from the debtor a lump sum payment a proportional share of their claim on the aggregate dividend to be provided to this class. The aggregate dividend to this class would be fixed in $12,000 with payments to be distributed pro-rata among the outstanding and allowed claims for each creditor.

Each check shall be payable at Effective Date as per the Schedule Payments under the Plan of Reorganization are detailed herein as *Exhibit # 4*.

This class is impaired.

*4.3* PAYMENT OF SECURED AND UNSECURED PRIORITY GOVERNMENT CLAIMS UNDER 11 U.S.C. SECTION 507(a)(8):

All allowed unsecured priority claims pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, will be paid as

stated below. Debtor estimates the debt as follows:

a.      CRIM $1,723.48 for secured portion and $8.52 as unsecured portion as per Claim No. 7.

b.      State Insurance Fund Corp $109.70 for priority portion and $71.48 for unsecured portion as per claim No. 8.

c.      PR Department of Treasury $2,245.78 for priority portion and $8,841.08 for unsecured portion as per claim No. 11.

All allowed secured and priority claims, pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, shall be paid through monthly installment commencing on the Effective Date of Plan for a period not exceeding two years after such date. Each claim is to be evidenced by a promissory note for the full amount thereof, bearing interest at a 6% rate, dated as of the Effective Date, the value of the future payments to be equal to the balance of the allowed amount.

See Schedule Payments under the Plan of Reorganization, *Exhibit 4.*

4.4      IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS:

As provided by 11 U.S.C. §1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such a class, the plan.

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

a.      cures any such default that occurred before or after the commencement of

the case under this title, other than a default of a kind specified in section 365(b )(2) of this title;

b.    reinstates the maturity of such claim or interest as such maturity existed before such default;

c.    compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

d.    does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

## 4.6   DISCHARGE OF CLAIMS:

Except as otherwise provided for in this Plan or in the Order of Confirmation. the rights granted by the Plan and the payments and distributions to be made there under shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and claims of any kind, nature or description whatsoever against the Debtor. On the Consummation Date, all existing claims shall be deemed to be exchanged, satisfied, discharged and released in full; and all holders of claims shall be precluded to asserting any other or future claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim.

The order of confirmation of this Plan shall constitute an injunction against the pursuit of any claim, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed, under 11 U.S.C. §501, such claim is allowed under 11 U.S.C. §502 or the holder of such claim has accepted this Plan in the

manner set forth herein.

4.7    OBJECTIONS TO CLAIMS:

The debtor, at its option or upon order of the Bankruptcy Court, if requested may file an objection to any claim as to its validity or amount within 30 days before the confirmation date and may substitute for the debtor as the objecting party to any pending claim objections. Objections not filed by the date of confirmation shall be deemed waived. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belongs.

The claim of any creditor whose claim has been scheduled as disputed but who has not filed a proof of claim shall be disallowed by confirmation of the Plan, unless written objection to such disallowance is filed prior to the confirmation hearing.

## 5.    **OTHER PROVISIONS**

5.1    EXECUTORY CONTRACTS:

None

5.2    MEANS OF EXECUTION OF THE PLAN AND FUTURE MANAGEMENT OF THE DEBTOR:

Debtor shall have sufficient funds to make all payments proposed and due under this Plan. Debtor's funding sources are the following:

a.    Federal Tax Refunds for the Income Tax Returns filed for tax years 2007 and 2008 in the amount of $20,000 and $14,000 respectively.

b.    Sale of debtor's apartment H-113 located at Sierra del Sol, San Juan, Puerto

Rico. The sale value of this property is $185,000 as per the option agreement and to the Liquidation Analysis. Refer to ***Exhibit # 3***

c.    Debtor's salary and bonuses in the amount of $156,520.04 as sales and marketing director of *Fairmont Turnberry Isle Resort & Club* is included herein as ***Exhibit #5***

On the Consummation Date of the plan, the estate assets shall be and become the general responsibility of the debtor, which shall thereafter have the responsibility for the management, control and administration thereof. Management of debtor's affairs, collection of moneys and distribution to creditors, will be under the control and supervision of the debtor, who will assume the same role they have assumed through this reorganization process.

## 5.3    PROVISIONS FOR THE MODIFICATION OF THE PLAN:

The debtor may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. §1127. After confirmation of the Plan, the Reorganized Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## 5.4    CLOSING OF THE CASE:

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be close, debtors shall file an application for final decree

showing that the case has been fully administered and the Plan has been substantially consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interests. Thereafter an order approving the debtor's report and closing the case shall be entered.

5.5    RETENTION OF JURISDICTION:

The Bankruptcy Court shall retain jurisdiction over this case to enable the debtors to consummate those proceedings that may arise in order to carry out the provisions of this Plan before or after the entry of the order of confirmation and up to the date of the closing of the case. Specifically, upon the entry of the Order of confirmation, this Court will retain jurisdiction to rule and dispose of any objection to the allowance of proof of claims filed within the terms detailed herein.

This is the Disclosure Statement and Plan of Reorganization hereby proposed to creditors and parties in interest, filed with the Honorable Bankruptcy Court on this same date. Parties are encouraged to review these documents in order to formulate an informed decision on debtor's whereabouts and conditions. A hearing to consider the approval of this Disclosure Statement will be scheduled by the Honorable Court, with Notice of said hearing served to all parties as per the master address list.

**/s/Mayra Macaraig Viñas**
Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such filing to the participants appearing in said record, and to the US Trustee. Also on this same date, a true and correct copy of the foregoing Disclosure Statement and Plan of Reorganization, has been hand delivered to the United States Trustee, and mailed by first class service to those parties that, in writing, have requested copy of said document, as ordered by the Court.

**RESPECTFULLY SUBMITTED** in Humacao, Puerto Rico this 26th day of May 2009.

LAW OFFICES OF JUAN A SANTOS BERRIOS PSC
PO BOX 9102
HUMACAO PUERTO RICO 00792-9102
TEL(787)285-1001, FAX (787)285-8358
E-MAIL: jsantosb@prtc.net

JUAN A SANTOS BERRIOS ESQ
USDC-PR #212506

# INDEX TO EXHIBITS

**EXHIBIT NUMBER**      **DESCRIPTION**

1      Income Tax Return for the years 2007 and 2008

2      Summary of the Monthly Operating Report

3      Detailed Liquidation Analysis

4      Schedule of Payment under the Plan of Reorganization

5      Salary and bonus stubs