IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

MAYRA MACARIG VIÑAS

CASE NO. 08-04888 GAC

Debtor

CHAPTER 11

## DEBTOR'S PLAN OF REORGANIZATION
## DATED MAY 26TH 2009

The above captioned debtor, by and through the undersigned counsel, hereby submits the following proposed plan of reorganization pursuant to the provisions of 11 U.S.C. Section 1101, et seq., known as United States Bankruptcy Code Chapter 11 Reorganization, and specifically to 11 U.S.C. Section 1121(a).

Pursuant to the provisions of Sections 1122 and 1123 of the Code, debtor proposes the classification and treatment of claims as hereinafter stated.

Creditors and other parties in interest are urged to read and consider this Plan in its entirety since this represents a proposed legally binding agreement between the debtor, creditors and parties in interest.

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. "Administrative Creditor" shall mean a person entitled to payment of an Administrative Expense Claim.

2. "Administrative Expense Claim" shall mean any Claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 U.S.C. Sec. 503(b) and 507(a)(I).

3. "Allowed Claim" shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely December 8th, 2008, or if no proof of claim has been so filed, which has been or hereafter is listed as liquidated in amount and not in disputed, contingent or unliquidated in the Debtor's schedules of assets and liabilities filed with the Bankruptcy Court (as they may be amended or supplemented from time to time according to the Bankruptcy Rules) and, in either case, a Claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or about which any objection has been determined by a Final Order. Unless otherwise provided for in this Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

4. "Allowed secured Claim" shall mean any Allowed Claim, which is a Secured Claim and shall include in the amount thereof - unless otherwise stated in this Plan - all interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

5. "Bankruptcy Code" or "Code" shall mean the provision of Title 11 of the United States Code, 11 U.S.C. Sections 1101 et seq., as amended from time to time.

6. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

7. "Bankruptcy Rules" or "Rules" shall mean the Federal Rules of Bankruptcy Procedures, as amended from time to time.

8. "Bar Date" shall mean the deadline of December 8th, 2008, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims under this Plan. The government bar date is January 28th, 2009.

9. "Claim" shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, continent, matured, unmatured, disputed, undisputed, secured or unsecured.

10. "Class" shall mean a category of holders of Claims or Interests that is substantially similar to other claims or Interests in such Class.

11. "Confirmation Date" shall mean the date the Order of Confirmation in this Chapter 11 proceeding made according to the provisions of 11 U.S.C. Section 1129 becomes a Final Order.

12. "Consummation Date" shall mean the date by which all of the conditions precedent to consummation set forth in this Plan, shall have been met or waived.

13. "Cramdown" Shall mean the confirmation of the Plan under the provisions of 11 U.S.C. §1129 (b).

14. "Creditor" shall mean any Person who has a Claim against the Debtors, which arose on or before the Petition Date or a Claim of any kind specified in 11 U.S.C. Sections 502(g), 503(h) or 502(1).

15. "Creditors' Committee" shall mean the elected committee that represents the Creditors in this proceeding pursuant to 11 U.S.C. Section 705. No creditor's committee has been appointed in this case.

16. "Debtor" shall mean, MAYRA MACAIG VIÑAS.

17. "Disclosure Statement" shall mean the Disclosure Statement filed by the Debtor with the Bankruptcy Court in this Chapter 11 Proceeding and dated May 26th, 2009, pursuant to 11 U.S.C. Section 1125, approved by the Bankruptcy Court and distributed to all Creditors and parties in interest, according to the provisions of the Code and Rules.

18. "Effective Date of the Plan" shall mean thirty (30) days after the order confirmation of the plan, becomes a final order the later of the two dates, and shall be the date on which there shall be made all initial cash payments required by the Plan except expressed otherwise. In the case of unsecured portion, the effective date will be six month after the order confirmation the plan.

19. "Estate" shall mean the Property owned by the Debtor that comprises the Chapter 11 estate of the Debtor in the above-captioned Chapter 11 proceeding.

20. "Final Order" shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and about which, no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such Order shall have become final according to Rule 8002 of the Rules of Bankruptcy Procedure, as such Rules may be amended from time to time.

21. "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the Petition Date.

22. "Liquidation" shall mean the complete liquidation of the Property of the Debtor's Estate, by a duly appointed trustee, according to the provisions of Chapter 7 of the Bankruptcy Code.

23. "Liquidation Analysis" shall mean the comparison of the current assets and liabilities of the Debtor, in order to determine the Liquidation Value of the Debtors' Property.

24. "Liquidation Value" shall mean the value that. any item of the Debtor's Property could be expected to bring during a Liquidation.

25. "Order of Confirmation" shall mean the Order of the Bankruptcy Court confirming this Plan according to the provisions of Chapter 11 of the Bankruptcy Code.

26. "Person" shall mean any individual, corporation, partnership, association, joint stock company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

27. "Petition Date" shall mean July 30th, 2008, the date on which debtor filed its voluntary petition and commenced the instant Chapter 11 proceeding.

28. "Priority Claim" shall mean any Allowed Claim, other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a).

29. "Priority Creditor" shall mean any Creditor that is the holder of a Priority Claim.

30. "Priority Tax Claim" shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(8).

31. "Priority Claim" shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507.

32. Debtors. "Property" shall mean the property of the Estate, which shall be administered by the

33. "Pro Rata" shall mean in the same proportion that a Claim or Interest in a given Class bears to the aggregate amount of all Claims (including disputed Claim until allowed or disallowed) or the aggregate number of all Interests in such Class.

34. "Secured Claim" shall mean a Claim, the holder of which is vested with a perfected, non voidable Lien on Property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Bankruptcy Code or other applicable non bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the Debtors' interest in such Property, as determined according to 11 U.S.C. §506.

35. "Secured Creditor" shall mean a Creditor who has a Secured Claim.

36. "Substantial Consummation" of this Plan shall mean any of the events provided for on 11 U.S.C. §101(2).

37. "Trustee" shall mean the consolidated Debtor-in-Possession.

38. "Unsecured Claim" shall mean a Claim, which is other than an Administrative

Expense Claim, a Secured Claim or a Priority Claim (including a Priority Tax Claim or a Priority Wage Claim), including any Claim specified in 11 U.S.C. Sections 502(g), 502(h) or 502(1).

39. "Unsecured Creditor" shall mean a creditor that is a holder of an Allowed General Unsecured Claim.

40. "Voluntary Petition" shall mean the voluntary Petition for Relief filed by the Debtor on the Petition Date.

## ARTICLE II
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS
## AND TREATMENT OF CLASSES

### A. DESIGNATION OF CLAIMS

The Plan divides the creditors into THREE (3) classes. The classes of creditors are as follow:

### CLASS I: ADMINISTRATIVE EXPENSES

Shall consist of Allowed Administrative Expense Claims, as provided under Section 503 of the Code. including but not limited to the fees to the United States Trustee quarterly fees, fees and expenses of Debtors' counsel and other professionals as may be allowed by the Bankruptcy Court upon application therefore and after notice and hearing according to the Bankruptcy Code and Rules, any unpaid taxes or fees accrued since petition date and court cost accrued since the petition date.

Debtors estimate the liability in this Class 1 not to be over the amount of $23,031.

## CLASS 2: SECURED CLAIMS

Class 2.1 Banco Santander de Puerto Rico ("BSPR")

BSPR filed a secured proof of claim in the amount of $135,378.74 (Claim No. 5). This amount is in consideration for a mortgage loan secured with the real property located at Condominio La Sierra del Sol, Apartment H-113, Cupey, San Juan, Puerto Rico.

Class 2.2 -Banco Santander de Puerto Rico

BSPR filed a secured proof of claim in the amount of $478,095.59 (Claim No. 10). This amount is in consideration of a mortgage loan secured with the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico.

Class 2.3 - Corporación Para el Fomento Económico de la Ciudad Capital "COFECC"

COFECC holds a second mortgage in the amount of $159,952.11 over the property located at Urb. Los Arboles de Montehiedra, 384 Melaleuca, Bo. Caimito, Rio Piedras, Puerto Rico. On account of a commercial loan granted to debtor (Claim No. 4).

Class 2.4 - First Franklin Financial Corp ("FFFC")

FFFC filed two proof of claims in the amount of $365,920.74 and $88,780.52 (Claims #13 and 12). This amount are in consideration of a first and second mortgages, respectively secured by debtor residence located at 4048 NW 62 LN, Coral Springs, Florida.

## CLASS 3: GENERAL UNSECURED CREDITORS

General unsecured creditors considering those listed by the debtor and those who

filed a proof of claim and those secured creditors, who after debtor's efforts have agreed to be considered part of their claim as unsecured, are included in this class. The debt under this class is estimated in no more than $48,224.77.

## B. TREATMENT FOR CLASSES OF CLAIMS AND INTEREST:

## CLASS 1: ADMINISTRATIVE EXPENSES

### Class 1 - General Administrative Expenses

Shall consist of Allowed Administrative Expense Claims, as provided under Section 503 of the Code. This class shall be paid in cash and in full as soon as practicable or agreed with the creditor on the later of (a) the Effective Date or (b) the date any such claim becomes an allowed Administrative Claim. The amount in this class is estimated in the total amount of $23,031, representing $5,000 for attorney fees, $2,000 for accounting fees and $975 for US Trustee Quarterly Fees, $3,956 for stamps for the apartment H-113, Sierra del Sol sale and $1,850 and $9,250 for notary fees and realtor commission respectfully, on said sale.

Attorney fees are estimated in the amount of $5,000 will be paid only after full payment of any amount due to the United States Trustee. Also, the estimated amount of $15,056 corresponding of selling expenses will be paid upon sale of debtor's residence after notice and approval by the Honorable Court.

This class in not impaired.

## CLASS 2 - SECURED CLAIMS - SAME TERMS

**Class 2.1** - Banco Santander de Puerto Rico ("BSPR")

This class shall retain unaltered its legal equitable and contractual rights. The real property encumbered by the mortgage loan of BSPR is optioned and the sale is scheduled for on/or before June 20th, 2009. The proceeds of the sale are going to be used to pay off BSBR's claim in its entirety and reaming balance will be used to fund the plan, specifically to paid post-petition arrears on Montehiedra property.

This class in not impaired

**Class 2.2** - Banco Santander de Puerto Rico

This class shall retain unaltered its legal equitable and contractual rights. Debtor will pay pre-petition arrears through the plan, also post-petition arrears will be cured as agreed. Debtor will comply with the original terms with the creditor in the class and will continue to make regular payments as agreed to. Debtor will continue to pay this creditor under the terms and conditions of its obligation therewith.

This claim is not impaired.

**Class 2.3** - Corporación Para el Fomento Económico de la Ciudad Capital "COFECC"

As t the second mortgage held by creditor, debtor seek to arrange a separate stipulation with creditor for payment of the principal amount of this commercial loan.

This claim is impaired.

**Class 2.4** - First Franklin Financial Corp ("FFFC")

As to the first mortgage an agreement is in process to modify the loan in order to include pre and post petition arrears together with the principal amount in a new payment plan with a fixed interest rate. As to the second mortgage, the creditor is proposing a new payment plan through an arragement letter.

This class is not impaired.

### CLASS 3: GENERAL UNSECURED CREDITORS

On the consummation date, each Class 3 claimant shall receive from the debtor a lump sum payment a proportional share of their claim on the aggregate dividend to be provided to this class. The aggregate dividend to this class would be fixed in $12,000 with payments to be distributed pro-rata among the outstanding and allowed claims for each creditor.

Each check shall be payable at Effective Date as per the Schedule Payments under the Plan of Reorganization are detailed herein as *Exhibit # 4*.

This class is impaired.

# ARTICLE III
# PAYMENT UNSECURED PRIORITY GOVERNMENT CLAIMS UNDER 11 U.S.C. SECTION 507(a)(8):

All allowed unsecured priority claims pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, will be paid as stated below. Debtor estimates the debt as follows:

a. CRIM $1,723.48 for secured portion and $8.52 as unsecured portion as per Claim No. 7.

b. State Insurance Fund Corp $109.70 for priority portion and $71.48 for unsecured portion as per claim No. 8.

c. PR Department of Treasury $2,245.78 for priority portion and $8,841.08 for unsecured portion as per claim No. 11.

All allowed secured priority claims, pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, shall be paid through monthly installment commencing on the Effective Date of Plan for a period not exceeding two years after such date. Each claim is to be evidenced by a promissory note for the full amount thereof, bearing interest at a 6% rate, dated as of the Effective Date, the value of the future payments to be equal to the balance of the allowed amount.

See Schedule Payments under the Plan of Reorganization, *Exhibit #4*.

# ARTICLE IV
# PAYMENTS PROVISIONS UNDER THE PLAN
# (IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS)

As provided by 11 U.S.C. §1124, a class of claims or interests is impaired under a

*Mayra Macaraig Viñas*
*BK 08-04888-GAC-11*
*Debtor's Plan of Reorganization Dated May 26th, 2009*
*Page 13*

plan unless, with respect to each claim or interest of such a class, the plan.

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

    a. cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b )(2) of this title;

    b. reinstates the maturity of such claim or interest as such maturity existed before such default;

    c. compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

    d. does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

## ARTICLE V
## VOTING ON THE PLAN AND COMPLIANCE WITH 11 U.S.C. SECTION 1129

**Unimpaired Claims**: Claims in Class 1 is deemed unimpaired by this Plan in accordance with Section 1124 of the Bankruptcy Code. By virtue of such status, such classes either are deemed to have accepted the plan in accordance with Section 1126(f) of the bankruptcy Code or are not otherwise required to have their votes to accept or reject

the Plan solicited. Although the claim in Class 3 may be considered impaired, this will not vote because this class not be receiving any dividend through the Plan. Accordingly, debtor are not required to solicit the votes of such classes with respect to the acceptance or rejection of the Plan.

**Impaired Voting Claims**: For voting purposes, Class 2 is impaired and debtor will solicit the votes of such class with respect to the acceptance or rejection of the Plan pursuant to the provisions of 11 U.S.C. Section 1126.

## ARTICLE VI
## DISCHARGE OF CLAIMS

Except as otherwise provided for in this Plan or in the Order of Confirmation, the rights granted by the Plan and the payments and distributions to be made there under shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and claims of any kind, nature or description whatsoever against the Debtor. On the Consummation Date, all existing claims shall be deemed to be exchanged, satisfied, discharged and released in full; and all holders of claims shall be precluded from asserting any other or future claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim.

The order of confirmation of this Plan shall constitute an injunction against the pursuit of any claim or Equity Interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed, under 11 U.S.C. §501, such claim is allowed under 11 U.S.C. §502 or the holder of such claim has accepted this

Plan in the manner set forth herein.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The debtor, at its option or upon order of the Bankruptcy Court, if requested may file an objection to any claim as to its validity or amount within 30 days before the confirmation date and may substitute for the debtor as the objecting party to any pending claim objections. Objections not filed by the date of confirmation shall be deemed waived. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belongs.

The claim of any creditor whose claim has been scheduled as disputed but who has not filed a proof of claim shall be disallowed by confirmation of the Plan, unless written objection to such disallowance is filed prior to the confirmation hearing.

## ARTICLE VIII
## EXECUTORY CONTRACTS

None

## ARTICLE IX
## MEANS OF EXECUTION OF THE PLAN

Debtor shall have sufficient funds to make all payments proposed and due under this Plan. Debtor's funding sources are the following:

1. Federal Tax Refunds for the Income Tax Returns filed for tax years 2007 and 2008 in the amount of $20,000 and $14,000 respectively.

2. Sale of debtor's apartment H-113 located at Sierra del Sol, San Juan,

Puerto Rico. The sale value of this property is $185,000 as per the option agreement and to the Liquidation Analysis. Refer to **Exhibit #3**

3. Debtor's salary and bonuses in the amount of $156,520.04 as sales and marketing director of *Fairmont Turnberry Isle Resort & Club* is included herein as **Exhibit #5**

On the Consummation Date of the plan, the estate assets shall be and become the general responsibility of the debtor, which shall thereafter have the responsibility for the management, control and administration thereof. Management of debtor's affairs, collection of moneys and distribution to creditors, will be under the control and supervision of the debtor, who will assume the same role they have assumed through this reorganization process.

## ARTICLE X
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The debtor may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. §1127. After confirmation of the Plan, the Reorganized Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## ARTICLE XI
## CLOSING OF THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be close, debtors shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interests. Thereafter an order approving the debtor's report and closing the case shall be entered.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by this Plan, to enable the debtor to consummate any and all proceedings which they may bring before or after the" entry of the order of confirmation, in order to carry out the provisions of this Plan, including, but not limited to

1. The determination of the allowance of claims upon the objection to such claims by the debtor or by any other party in interest;

2. The determination of requests for payment of claims entitled to priority under 11 U.S.C. §507(a)(1), including compensation of parties entitled thereto;

3. The resolution of any disputes regarding the interpretation of the Plan;

4. The implementation of the provisions of the Plan and entry of Orders in aid of consummation of the Plan;

5. The modification of the Plan pursuant to 11 USC §1127;

6. The adjudication of any cause of action, including avoiding powers actions, brought by the debtor, by a representative of the estate, or by a Trustee under the Bankruptcy Code; and

7. The entry of an Order approving the Debtor's Statement of Indebtedness.

/s/MAYRA MACARAIG VIÑAS

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the present document was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such filing to the participants appearing in said record, and to the US Trustee. Also on this same date, a true and correct copy of the foregoing Plan of Reorganization, has been hand delivered to the United States Trustee, and mailed by first class service to those parties that, in writing, have requested copy of said document, as ordered by the Court.

**RESPECTFULLY SUBMITTED** in Humacao, Puerto Rico this 26th day of May 2009.

LAW OFFICES OF JUAN A SANTOS BERRIOS PSC
PO BOX 9102
HUMACAO PUERTO RICO 00792-9102
TEL(787)285-1001, FAX (787)285-8358
E-MAIL: jsantosb@prtc.net

JUAN A SANTOS BERRIOS ESQ
USDC-PR #212506